FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JUN 2 8 2016

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| STEVEN ANTHONY ROBERTS, GDC ID 459243, Petitioner, | : : : : | HABEAS CORPUS 28 U.S.C. § 2254 |
| v. | : : | CIVIL ACTION NO. 1:16-CV-884-TWT-CMS |
| FULTON COUNTY, Respondent. | : : : | |

## FINAL REPORT AND RECOMMENDATION

In March 2016, Georgia state inmate Steven Anthony Roberts submitted a three-page letter addressed "To Whom It May Concern," requesting advice and assistance in challenging his 2014 conviction in Fulton County for failing to register as a sex offender." *See* [1]; *see also* http://www.dcor.state.ga.us/GDC/OffenderQuery/jsp/OffQryForm.jsp (last viewed June 22, 2016; searched for GDC ID 459243).

To assist Mr. Roberts, the undersigned directed the Clerk of the Court to mail him copies of this Court's Prisoner's Guide to Filing a Habeas Corpus Petition in the United States District Court for the Northern District of Georgia, § 2254 petition form, and *in forma pauperis* ("IFP") affidavit form. *See* [2].

After Mr. Roberts completed and returned the § 2254 petition form and IFP affidavit form, the undersigned noted that it appeared that he had had sufficient funds in his inmate account to pay the $5 filing fee when he initiated this case, but that he had depleted those funds through store purchases. *See* [5]. Accordingly, the undersigned ordered Mr. Roberts to pay the $5 filing fee or show cause why payment should be excused. *See id.; see also Wilson v. Sargent*, 313 F.3d 1315, 1321 (requiring "inquiry into why the fee had not been paid as ordered" before dismissal).

In response, Mr. Roberts wrote the following:

> To:  Court Clerk
>      Richard B. Russell Atlanta GA
> Enclosure, with regards to
>
> Dear Clerk
>
> Although prima facie looks are deceiving, without comments, ad[dendu]m added.  A c[h]ronic care/disability recipient "2002" (state corruption) indigent postages, indigent supplies, medical fees, medical supplies, vitamins, health care supplies does not afford me your position of monthly store calls. Enclosure as shown cause e[xe]mption requested.
>
> In the words of then sitting Chief Warren Burger, also Richard Mil[]hous[] Nixon, "I'm not a crook."
>
> Best wishes
> Steven Roberts

[6] at 1.

2

Mr. Roberts attached to his letter what appear to be "receipts." *See* [6] at 2-3. None of those "receipts," however, includes any price information, and, although some "receipts" match dates on which Mr. Roberts made store purchases in April 2016, the "receipts" do not account for his store purchases in January or February 2016, immediately before he initiated this case. *Compare* [6] at 2-3 *with* [4] at 4-5; *see also* 28 U.S.C. § 1915(a)(2) (examining financial status "immediately preceding the filing of the [petition]"). Thus, Mr. Roberts has not demonstrated that he was unable to pay the $5 filing fee when he initiated this case in March 2016.

Accordingly, the undersigned **RECOMMENDS** that this case be **DISMISSED WITHOUT PREJUDICE** because Mr. Roberts has not paid the $5 filing fee or demonstrated an inability to do so.

Alternatively, if the Court concludes that Mr. Roberts adequately demonstrated indigence, the undersigned **RECOMMENDS** that this case be **DISMISSED WITHOUT PREJUDICE** because it is evident from the face of Mr. Roberts' § 2254 petition that he has not exhausted all available state remedies before seeking federal habeas relief. *See* 28 U.S.C. § 2254(b)(1); *see also* [3] at 1-4 (indicating that no direct appeal or state habeas case has been initiated and concluded). Thus, it "plainly appears

from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." 28 U.S.C. foll. § 2254, Rule 4.

Finally, because Mr. Roberts has not met the requisite standard, the undersigned further **RECOMMENDS** that a Certificate of Appealability be **DENIED**. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (requiring a two-part showing (1) "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," *and* (2) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling"); *see also Spencer v. United States*, 773 F.3d 1132, 1138 (11th Cir. 2014) (holding that the *Slack v. McDaniel* standard will be strictly applied prospectively).

The Clerk is **DIRECTED** to terminate the referral of this case to the undersigned.

**SO RECOMMENDED AND DIRECTED**, this 28th day of June, 2016.

_____
CATHERINE M. SALINAS
UNITED STATES MAGISTRATE JUDGE

4